IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Blair Markeith Adams, | ) | Case No. 8:12-02717-JMC-JDA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Warden of Kirkland Correctional | ) | |
| Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court on Respondent's motion for summary judgment.
[Doc. 28.]  Petitioner, proceeding pro se, is a state prisoner who seeks relief under 28
U.S.C. § 2254.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule
73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for
relief and submit findings and recommendations to the District Court.

Petitioner filed this Petition for writ of habeas corpus on September 18, 2012.[1] [Doc.
1.]  On  February 28, 2013, Respondent filed a motion for summary judgment and a return
and memorandum.  [Docs. 27, 28.]  On March 1, 2013, the Court filed an Order pursuant
to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the summary
judgment procedure and of the possible consequences if he failed to adequately respond
to the motion.  [Doc. 29.]  Petitioner filed a response in opposition on May 3, 2013.  [Doc.
34.]  Additional attachments to the response were filed on May 10, 2013.  [Doc. 37.]

---

[1]A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for
forwarding to the court.  *See Houston v. Lack*, 487 U.S. 266, 270 (1988).  In this case, construing the filing
date in the light most favorable to Petitioner, this action was filed on September 18, 2012.  [Doc. 1-2 (envelope
marked as received by prison mailroom on September 18, 2012).]

Having carefully considered the parties' submissions and the record in this case, the Court recommends Respondent's motion for summary judgment be granted in part and denied in part with leave to refile.

## BACKGROUND

Petitioner is presently confined at the McCormick Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court for Spartanburg County.[2] [Doc. 1 at 1; Doc. 39 (notice of change of address to McCormick Correctional Institution).] Petitioner was indicted in October 2006 for trafficking in cocaine. [App. 174–75.[3]] Represented by John G. Reckenbeil ("Reckenbeil"), Petitioner appeared before the Honorable J. Derham Cole for a suppression hearing, bench trial, and sentencing on October 5 and November 2, 2006. [App. 1–106.] On October 30, 2006, Judge Cole issued an order finding Petitioner guilty. [App. 107–113.] Petitioner was sentenced to twenty-five years imprisonment. [App. 104.]

**Direct Appeal**

Petitioner timely filed a notice of appeal. On June 27, 2007, Reckenbeil filed a brief on Petitioner's behalf in the South Carolina Court of Appeals, raising the following issue:

---

[2]At the time he filed the Petition, Petitioner was confined at Kirkland Correctional Institution [Doc. 1 at 1], but on July 3, 2013, Petitioner filed a notice of change of address updating his address to McCormick Correctional Institution [Doc. 39]. A prisoner's immediate custodian—the warden of the facility where the prisoner is being held-is the proper respondent in a habeas corpus action because the immediate custodian has the power to produce the prisoner's body before the habeas court. *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004). If a prisoner properly files a habeas petition naming the prison warden as the respondent and is relocated to another prison before the court decides whether or not to grant the petition, the court "retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." *Id.* at 441 (discussing *Ex parte Endo*, 323 U.S. 283 (1944)). Thus, this Court retains jurisdiction over the Petition following Petitioner's transfer to McCormick Correctional Institution.

[3]The Appendix can be found at Docket Entry Numbers 27-1 through 27-2.

2

> The trial court erred in its ruling when it failed to grant Defendant's motion to suppress evidence seized by Spartanburg City Police Officer when the officer initial traffic stop of the Defendant became unlawful due to the purpose of the stop had been fulfilled no additional reasonable suspicion or probable cause, nor consent existed to continue the stop.

[App. 160; Doc. 27-3 at 4.] The State filed a response brief on August 3, 2007. [Doc. 27-4.] On March 20, 2008, the South Carolina Court of Appeals filed an opinion affirming the trial court's decision. [App. 169–73.] Remittitur was issued on April 7, 2008. [Doc. 27-5.]

**PCR Proceedings**

On April 24, 2008, Petitioner filed a pro se application for post-conviction relief ("PCR") in which he alleged he was being held in custody unlawfully based on the following grounds, quoted substantially verbatim:

> (a)   The 'United States Courts' analysis and 'S.C. analysis' to be applied to consent. The court never made such findings. Judges [illegible] not consistent with said analysis, its in contradiction to law of land.
>
> (b)   Indictment is defective because of the handwrit[t]en and typed alterations to and defendant did not w[ai]ve right to grand jury.
>
> (c)   Prosecution never presented written notice to defendant about using priors to enhance sentence when ones relied upon to enhance sentence was over ten years old. S.C.R.C. Rule 609(2). And never taking defendant to Preliminary Hearing to review evidence.
>
> (d)   Police did not have probable cause, objectiv[e] particularized basis for [illegible] detention. Defendant never consented to being further detained, questioning or search. Encounter between defendant and officer was not consensual for 4th Amendment purposes, because officer retained defendants documents the whole encounter. Temporal proximity, interv[]ening circumstances and purpose and fragrancy of official misconduct.
>
> (e)   Counsel failed to raise defect in indictment before or after trial and direct appeal.

3

[App. 115–16; Doc. 1-1 at 15, 17.] The State filed a return on November 5, 2008. [App. 120–24.]

An evidentiary hearing concerning the application was held on May 28, 2009, at which Petitioner was represented by John Robertson ("Robertson"). [App. 125–48.] At the hearing, testimony was received from Petitioner and Reckenbeil. [*Id.*] On July 24, 2009, the PCR court issued an order denying and dismissing the PCR application with prejudice. [App. 149–54.]

A notice of appeal was timely filed. On August 13, 2010, Lanelle Cantey Durant ("Durant") of the South Carolina Commission on Indigent Defense filed on Petitioner's behalf a *Johnson* petition[4] for writ of certiorari in the South Carolina Supreme Court. [Doc. 27-6.] The petition asserted the following as the sole issue presented:

> Did the PCR court err in failing to find trial counsel ineffective for not obtaining the police dispatch logs which would show that the police detained petitioner longer than necessary for the traffic stop, and searched his vehicle which went beyond the scope of the traffic stop and rendered petitioner's consent *per se* invalid?

[*Id.* at 3.] At the same time she filed the *Johnson* petition, Durant submitted a petition to be relieved as counsel.[5] [*Id.* at 9.] The court denied the petition and granted counsel's

---

[4]A *Johnson* petition is the state PCR appeal analogue to an *Anders* brief; a brief filed pursuant to *Anders v. California*, 386 U.S. 738 (1967), effectively concedes the appeal lacks a meritorious claim. *See Johnson v. State*, 364 S.E.2d 201 (S.C. 1988).

[5]Respondent has represented that Petitioner filed a pro se response raising the following seven issues:

> 1)    Did [the] trial court lack subject matter jurisdiction to try Petitioner for the initial stop?
> 2)    Were both PCR counsels ineffective for failing to have any meaningful contact or correspondence with Petitioner?
> 3)    Were both PCR counsels ineffective for failing to prepare before, and after hearing and failing to file a Rule 59(e) SCRCP motion as

4

request to withdraw on January 11, 2012 [Doc. 27-7] and remitted the matter to the lower court on January 30, 2012 [Doc. 27-8].

**Petition for Writ of Habeas Corpus**

As previously stated, Petitioner filed the Petition on September 18, 2012.  In his Petition, Petitioner raises the following grounds for relief[6]:

**GROUND ONE:**          Direct Appeal: Clearly erron[e]ous ruling as to be an abuse of discretion, and Trial Court, and S.C. Supreme Court

SUPPORTING FACTS:    In Petitioner's view, the trial court clearly erred on the motion to suppress.  Court ruled there was no probable cause to search.  Court ruled that officer Jame's suspicion was simply a hunch.  Court ruled that stop continued to be legal until the officer literally issued Petitioner a citation.  Court ruled the officer didn't have a reasonable opportunity to complete the issuance of a citation.  Also, Court ruled that 5 minutes wasn't an unreasonable time to be detained pursuant to a traffic[] stop.

    ISSUE # 1:          Initial Stop

    ISSUE # 2:          Detention

---

                required under § 17-27-80 and Rule 52(e) SCRCP?

    4)      Were both PCR counsels ineffective for failing to prepare Petitioner before and specifically advise him of what he can and cannot present to the court and when the retrial hearing was going to take place?

    5)      Was PCR counsel Ms. Robertson ineffective for failing for stating to Petitioner, "I hate this case fell in my lap, I'm not a criminal attorney, I don't argue criminal cases"?

    6)      Were both PCR counsels ineffective for failing to inform Petitioner he could have had witnesses to testify on his behalf or called the officers to testify if the court so allowed.

    7)      Was trial counsel ineffective for failing to conduct an adequate investigation and present Petitioner's evidence and testimony?

[Doc. 27 at 4.]  However, the record before this Court appears not to include Petitioner's pro se response to the *Johnson* petition.

    [6]Petitioner raises four grounds in his Petition and asserts sub-issues under the first three grounds. The grounds and supporting facts included here are quoted substantially verbatim while the issues are summarized.

**GROUND TWO:**             Subject Matter Jurisdiction

SUPPORTING FACTS:      In Petitioner's view, the indictment is defective because of the hand written and typed alterations to it, there is no verdict on it, and

ISSUE # 1:      The trial court lacked subject matter juri[s]diction to hear my case because of this defective indictment and this sentence and conviction is not valid in my view.

ISSUE # 2:      I may have been sentenced under the state's guidelines wrong.

ISSUE # 3:      The trial court had no jrui[s]diction to hear the reason for the initial stop.

**GROUND THREE:**          Ineffective assistance of counsel

SUPPORTING FACTS:      Counsel was ineffective for several reasons in Petitioner's view.  Counsel should have filed a motion to quash the warrant or filed a motion for a Franks hearing.  Counsel should have filed a motion to quash indictment, because Petitioner wasn't indicted in the statutory required time according to Rule 3 of the South Carolina Rules of Criminal Procedures.  The prosecution presented an indictment 8 days before trial.

ISSUE # 1:      Ineffective assistance of trial counsel for:

a)      failing to investigate Petitioner's claim that he did not consent to the search;
b)      failing to introduce dispatch records;
c)      failing to inform the court that Petitioner had had prior encounters with Officer James, Reese, and narcotics detective Doug Hartwell;
d)      failing to introduce Petitioner's DMV records as a defense exhibit;
e)      failing to object to the admission of testimony about sandwich bags and air fresheners;
f)      failing to introduce evidence to show Officer James had stopped Petitioner in the same vehicle three times with the same registration and insurance card;
g)      failing to challenge the warrant;
h)      failing to let Petitioner testify to refute the narcotics detectives' testimony;

6

i) failing to make a motion to have the warrant dismissed because there was no probable cause alleged in the warrant;

j) failing to quash the indictment;

k) failing to call the person listed on the indictment to trial to be questioned;

l) failing to have the indictment quashed because of the handwritten and typed alterations to it and no finding of guilt alleged in it;

m) failing to make a motion to have the warrant dismissed for lack of probable cause or at least filing a motion for a Franks hearing;

n) failing to file a motion to have the indictment quashed for failing to indict me in statutory time frame;

o) failing to subpoena the preliminary hearing transcripts;

p) failing to subpoena the grand jury transcripts;

q) failing to object to Officer James's testimony when he claimed that after the first search, he asked Petitioner whether there was anything else in the vehicle;

r) failing to object to Officer Reese's testimony when he claimed that after advising Petitioner that he didn't have to consent to search, Petitioner looked to the ground trying to weigh his options;

s) failing to let Petitioner testify to some facts that would have shed some light on the fact Petitioner claimed when he tried to leave and why this officer physically stopped Petitioner;

t) failing to object to all officers' testimony in its entirety because it changed the burden to defense;

u) failing to ask for a continuance;

v) failing to ask for a mistrial.

ISSUE # 2: Petitioner was prejudiced by Reckenbeil's continue representation because Petitioner and Reckenbeil had a conflict before, during, and after trial. Counsel was ineffective for failing to raise a claim that Petitioner's 14th Amendment rights were violated.

**GROUND FOUR:** Ineffective assistance of PCR counsel

[Doc. 1.]

As stated, on February 28, 2013, Respondent filed a motion for summary judgment.

[Doc. 28.] On May 3, 2013, Petitioner filed a response in opposition and filed additional

attachments on May 10, 2013.  [Docs. 34; 37.]  Accordingly, Respondent's motion is ripe for review.

## APPLICABLE LAW

**Liberal Construction of Pro Se Petition**

Petitioner brought this action pro se, which requires the Court to liberally construe his pleadings.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  Pro se pleadings are held to a less stringent standard than those drafted by attorneys.  *Haines*, 404 U.S. at 520.  Even under this less stringent standard, however, the pro se petition still may be subject to summary dismissal.  *Id.* at 520–21.  The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so.  *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).  A court may not construct the petitioner's legal arguments for him.  *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993).  Nor should a court "conjure up questions never squarely presented."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

8

Fed. R. Civ. P. 56(a).  A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law.  *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant.  *Id.* at 257.  When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party.  *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings.  *Id.* at 324.  Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue.  *Id.*  Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion.  *Anderson*, 477 U.S. at 252.  Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion.  *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  *Anderson*, 477 U.S. at 248.  Further, Rule 56 provides in pertinent part:

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

## Habeas Corpus

### *Generally*

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett,* 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  *Williams v. Taylor*, 529 U.S. 362, 410 (2000).  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable."  *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011).  Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

### *Procedural Bar*

Federal law establishes this Court's jurisdiction over habeas corpus petitions.  28 U.S.C. § 2254.  This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim.  *Id.*  The separate but related theories of exhaustion and procedural bypass operate to require a habeas petitioner to first submit his claims for relief to the state courts.  A habeas corpus petition filed in this Court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

*Exhaustion*

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b)    (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)    (I) there is an absence of available State corrective process; or
>>
>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.  The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies.  *Id.* § 2254(b)(1)(A).  "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court."  *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997).  Thus, a federal court may

consider only those issues that have been properly presented to the highest state court with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds for relief be stated in the direct appeal or PCR application.  S.C. App. Ct. R. 203; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976).  If the PCR court fails to address a claim as required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment.  S.C. R. Civ. P. 59(e).  Failure to do so will result in the application of a procedural bar to that claim by the South Carolina Supreme Court.  *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007).[7]  Further, strict time deadlines govern direct appeal and the filing of a PCR application in the South Carolina courts.  For direct appeal, a notice of appeal must be filed and served on all respondents within ten days after the sentence is imposed or after receiving written notice of entry of the order or judgment.  S.C. App. Ct. R. 203(b)(2), (d)(1)(B).  A PCR application must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision.  S.C. Code Ann. § 17-27-45(A).

If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts.  *Richardson v. Turner*, 716 F.2d 1059, 1062 (4th Cir. 1983); *Patterson v. Leeke*, 556 F.2d 1168, 1173

---

[7]In *Bostick v. Stevenson*, 589 F.3d 160 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforced the failure to file a motion pursuant to Rule 59(e) as a procedural bar.  589 F.3d at 162–65.  Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the Court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

(4th Cir. 1977). Therefore, in a federal petition for habeas relief, a petitioner may present only those issues that were presented to the highest South Carolina court through direct appeal or through an appeal from the denial of a PCR application, regardless of whether the court actually reached the merits of the claim. *See State v. McKennedy*, 559 S.E.2d 850, 854 (S.C. 2002) (reiterating that discretionary review by the South Carolina Supreme Court is not required to exhaust available state court remedies: "[South Carolina] has identified the petition for discretionary review to [the South Carolina Supreme Court] in criminal and post-conviction cases as *outside* South Carolina's standard review process. In [the South Carolina Supreme Court's] 1990 order, th[e] Court stated that petitions for rehearing and certiorari following an adverse Court of Appeals' decision are not required in order to exhaust all available state remedies." (emphasis in original) (citing *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454 (S.C. 1990)).

### *Procedural Bypass*

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner seeks habeas corpus relief based on an issue he failed to raise at the appropriate time in state court, removing any further means of bringing that issue before the state courts. In such a situation, the petitioner has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See id.* Bypass can occur at

14

any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion. *Id.*

The Supreme Court of South Carolina will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. *See* S.C. Code Ann. § 17-27-90; *Aice v. State*, 409 S.E.2d 392, 394 (S.C. 1991). Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is barred from proceeding in state court. S.C. App. Ct. R. 203(d)(3), 243. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. *See Reed v. Ross*, 468 U.S. 1, 11 (1984); *see also Kornahrens v. Evatt*, 66 F.3d 1350, 1357 (4th Cir. 1995). As the United States Supreme Court explained:

> . . . [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed*, 468 U.S. at 10–11.

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477

U.S. 478, 496 (1986). Further, if the petitioner does not raise cause and prejudice, the court need not consider the defaulted claim. *See Kornahrens*, 66 F.3d at 1363.

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991). Absent a showing of cause and actual prejudice, a federal court is barred from considering the claim. *Wainwright*, 433 U.S. at 87. In such an instance, the exhaustion requirement is technically met, and the rules of procedural bar apply. *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *Matthews*, 105 F.3d at 915 (citing *Coleman*, 501 U.S. at 735 n.1; *Teague*, 489 U.S. at 297–98; *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

### Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this Court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances—where a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or where a "fundamental miscarriage of justice" has occurred, *Carrier*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim, where the novelty of the constitutional claim is such that its legal basis is not reasonably available to the petitioner's counsel. *Id.*

at 487–89; *Reed*, 468 U.S. at 16.  Absent a showing of "cause," the court is not required to consider "actual prejudice."  *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995).  However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default.  *Carrier*, 477 U.S. at 492.  To show actual prejudice, the petitioner must demonstrate more than plain error.  *Engle v. Isaac*, 456 U.S. 107, 134–35 (1982).

As an alternative to demonstrating cause for failure to raise the claim, the petitioner must show a miscarriage of justice.  To demonstrate a miscarriage of justice, the petitioner must show he is actually innocent.  *See Carrier*, 477 U.S. at 496 (holding a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of someone who is actually innocent").  Actual innocence is defined as factual innocence, not legal innocence.  *Bousley v. United States*, 523 U.S. 614, 623 (1998).  To meet this actual innocence standard, the petitioner's case must be truly extraordinary.  *Carrier*, 477 U.S. at 496.

## DISCUSSION

Respondent argues "[t]he overwhelming majority of [Petitioner's] claims were not exhausted in state court."  [Doc. 27 at 18.]  Further, Respondent argues Petitioner has no state court remedies available to him because "any future PCR application would be barred as successive" [*id.* at 19]; accordingly, Respondent asserts many of Petitioner's claims are procedurally barred.  For some of the allegedly procedurally barred claims, the determination of whether the claim is procedurally barred turns on whether it was raised in Petitioner's pro se response to the *Johnson* petition for writ of certiorari.  [*Id.* at 18 (stating some claims were not raised to the South Carolina Supreme Court in the pro se

17

response to the *Johnson* petition or were raised in a different context).]  As previously stated, the record before this Court appears not to include Petitioner's pro se response to the *Johnson* petition.  *See supra* note 5.  Accordingly, the Court is unable to determine what issues were raised to the South Carolina Supreme Court in Petitioner's pro se response to the *Johnson* petition or the context in which they were raised and, therefore, cannot determine which claims are procedurally barred.

It is not in the best interests of the Court or the litigants to examine the Petition in a piecemeal fashion, particularly in a case where Respondent argues the "overwhelming majority" of the claims are procedurally barred.  In the interest of judicial economy, the Court should determine whether claims are procedurally barred before addressing the merits of Petitioner's claims.  Additionally, Petitioner has filed a "Motio[n] to Amend Ground for Relief in Habea[]s Corpus Respon[s]e Pursuan[t] to Rule 15 of the FRCP," stating he "seeks to have his conviction vacated, or re-sentenced on Ground Two, Issue One pursuant to Rule 15 of the FRCP" [Doc. 42], which the Court has taken under advisement and asked Petitioner to clarify whether (1) he wishes to proceed only on Ground Two, Issue One or (2) he wishes to continue with all grounds raised in the Petition [Doc. 45]. Accordingly, the Court recommends that the pending motion for summary judgment be denied with leave to refile.  If Petitioner's motion to amend ground for relief is denied such that Petitioner moves forward on all grounds raised in the Petition, Respondent should (1) be directed to refile the same motion for summary judgment previously filed, (2) be limited to only those arguments already raised, and (3) be directed to file with the Court Petitioner's pro se response to the *Johnson* petition.  If Petitioner's motion to amend ground for relief is granted such that Petitioner moves forward only on Ground Two, Issue

18

One, Respondent should (1) be directed to refile the motion for summary judgment addressing only this issue, (2) be limited to only those arguments already raised with respect to this issue, and (3) be directed to file with the Court Petitioner's pro se response to the *Johnson* petition.[8]

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that Respondent's motion for summary judgment be DENIED with leave to refile.  If the district judge adopts this recommendation, the Court further recommends that Respondent be directed to file the same motion for summary judgment previously filed addressing only the issues remaining after the Court's ruling on Petitioner's motion to amend ground for relief. Additionally, Respondent should be directed to file with the Court Petitioner's pro se response to the *Johnson* petition.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

August 9, 2013
Greenville, South Carolina

---

[8]In either case, Respondent need not resubmit the previously filed attachments to the original return and memorandum.

19