IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Blair Markeith Adams, | ) | |
| | ) | Civil Action No. 8:12-cv-02717-JMC-JDA |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden of Kirkland Correctional Institution,, | ) ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report"), [Dkt. No. 47], filed on August 9, 2013, recommending that Respondent's Motion for Summary Judgment be denied with leave to refile. It is further recommended that Respondent be directed to file the same Motion for Summary Judgment previously filed addressing only the issues remaining after the court's ruling on Petitioner's Motion to Amend Ground for Relief. Additionally, it is recommend that Respondent is to file with the court Petitioner's pro se response to the Johnson Petition.

Petitioner, proceeding *pro se,* brought this action seeking relief pursuant to 28 U.S.C. § 2254. The Report and Recommendation sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's recommendation herein without a recitation.

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge

makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Petitioner was advised of his right to file objections to the Report and Recommendation [Dkt. No. 47-1]. However, Petitioner filed no objections to the Report and Recommendation.

In the absence of objections to the Magistrate Judge's Report and Recommendation, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report and Recommendation results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

After a thorough review of the Report and Recommendation and the record in this case, the court **ADOPTS** the Magistrate Judge's Report and Recommendation [Dkt. No. 47]. It is therefore **ORDERED** that Respondent's Motion for Summary Judgment is **DENIED** with leave to refile. It

is further **ORDERED** that Respondent is directed to file the same Motion for Summary Judgment previously filed addressing only the issues remaining after the court's ruling on Petitioner's Motion to Amend Ground for Relief.  Finally, it is **ORDERED** that Respondent is to file with the court Petitioner's pro se response to the Johnson petition.

### Certificate of Appealability

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

August 27, 2013
Greenville, South Carolina