IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Blair Markeith Adams, | ) | Case No. 8:12-02717-JMC-JDA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Warden of Kirkland Correctional | ) | |
| Institution, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on Respondent's amended motion for summary judgment. [Doc. 56.] Petitioner, proceeding pro se, is a state prisoner who seeks relief under 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

Petitioner filed this Petition for writ of habeas corpus on September 18, 2012.[1] [Doc. 1.] On February 28, 2013, Respondent filed a motion for summary judgment and a return and memorandum. [Docs. 27, 28.] On August 27, 2013, the Court denied the motion for summary judgment with leave to refile and ordered Respondent to file the same motion for summary judgment and to file with the Court Petitioner's pro se response to the *Johnson* petition. [Doc. 51.]

On August 30, 2013, Respondent filed an amended motion for summary judgment and a memorandum and attached the Petitioner's pro se response to the *Johnson* petition.

---

[1] A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). In this case, construing the filing date in the light most favorable to Petitioner, this action was filed on September 18, 2012. [Doc. 1-2 (envelope marked as received by prison mailroom on September 18, 2012).]

[Docs. 55, 56.]  On September 3, 2013, the Court an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the summary judgment procedure and of the possible consequences if he failed to adequately respond to the motion.  [Doc. 57.]  Petitioner filed a response in opposition on November 4, 2013.  [Doc. 62.]

Having carefully considered the parties' submissions and the record in this case, the Court recommends Respondent's amended motion for summary judgment be granted.

## BACKGROUND

Petitioner is presently confined at the McCormick Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court for Spartanburg County.[2]  [Doc. 1 at 1; Doc. 39 (notice of change of address to McCormick Correctional Institution); Doc. 64 (notice of change of unit number at McCormick Correctional Institution).]  Petitioner was indicted in October 2006 for trafficking in cocaine.  [App. 174–75.[3]]  Represented by John G. Reckenbeil ("Reckenbeil"), Petitioner appeared before the Honorable J. Derham Cole for a suppression hearing, bench trial, and sentencing on October 5 and November 2, 2006.  [App. 1–106.]  On October 30, 2006,

---

[2]At the time he filed the Petition, Petitioner was confined at Kirkland Correctional Institution [Doc. 1 at 1], but on July 3, 2013, Petitioner filed a notice of change of address updating his address to McCormick Correctional Institution [Doc. 39].  A prisoner's immediate custodian—the warden of the facility where the prisoner is being held-is the proper respondent in a habeas corpus action because the immediate custodian has the power to produce the prisoner's body before the habeas court.  *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004).  If a prisoner properly files a habeas petition naming the prison warden as the respondent and is relocated to another prison before the court decides whether or not to grant the petition, the court "retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release."  *Id.* at 441 (discussing *Ex parte Endo*, 323 U.S. 283 (1944)).  Thus, this Court retains jurisdiction over the Petition following Petitioner's transfer to McCormick Correctional Institution.

[3]The Appendix can be found at Docket Entry Numbers 27-1 through 27-2.

Judge Cole issued an order finding Petitioner guilty.  [App. 107–113.]  Petitioner was sentenced to twenty-five years imprisonment.  [App. 104.]

**Direct Appeal**

Petitioner timely filed a notice of appeal.  On June 27, 2007, Reckenbeil filed a brief on Petitioner's behalf in the South Carolina Court of Appeals, raising the following issue:

> The trial court erred in its ruling when it failed to grant Defendant's motion to suppress evidence seized by Spartanburg City Police Officer when the officer initial traffic stop of the Defendant became unlawful due to the purpose of the stop had been fulfilled no additional reasonable suspicion or probable cause, nor consent existed to continue the stop.

[App. 160; Doc. 27-3 at 4.]  The State filed a response brief on August 3, 2007.  [Doc. 27-4.]  On March 20, 2008, the South Carolina Court of Appeals filed an opinion affirming the trial court's decision.  [App. 169–73.]  Remittitur was issued on April 7, 2008.  [Doc. 27-5.]

**PCR Proceedings**

On April 24, 2008, Petitioner filed a pro se application for post-conviction relief ("PCR") in which he alleged he was being held in custody unlawfully based on the following grounds, quoted substantially verbatim:

> (a)  The 'United States Courts' analysis and 'S.C. analysis' to be applied to consent.  The court never made such findings.  Judges [illegible] not consistent with said analysis, its in contradiction to law of land.
>
> (b)  Indictment is defective because of the handwrit[t]en and typed alterations to and defendant did not w[ai]ve right to grand jury.
>
> (c)  Prosecution never presented written notice to defendant about using priors to enhance sentence when ones relied upon to enhance sentence was over ten years old. S.C.R.C. Rule 609(2).  And never taking defendant to Preliminary Hearing to review evidence.

3

> (d)   Police did not have probable cause, objectiv[e]
> particularized basis for [illegible] detention. Defendant
> never consented to being further detained, questioning
> or search. Encounter between defendant and officer
> was not consensual for 4th Amendment purposes,
> because officer retained defendants documents the
> whole encounter. Temporal proximity, interv[]ening
> circumstances and purpose and fragrancy of official
> misconduct.
>
> (e)   Counsel failed to raise defect in indictment before or
> after trial and direct appeal.

[App. 115–16; Doc. 1-1 at 15, 17.] The State filed a return on November 5, 2008. [App. 120–24.]

An evidentiary hearing concerning the application was held on May 28, 2009, at which Petitioner was represented by John Robertson ("Robertson"). [App. 125–48.] At the hearing, testimony was received from Petitioner and Reckenbeil. [*Id.*] On July 24, 2009, the PCR court issued an order denying and dismissing the PCR application with prejudice. [App. 149–54.]

A notice of appeal was timely filed. On August 13, 2010, Lanelle Cantey Durant ("Durant") of the South Carolina Commission on Indigent Defense filed on Petitioner's behalf a *Johnson* petition[4] for writ of certiorari in the South Carolina Supreme Court. [Doc. 27-6.] The petition asserted the following as the sole issue presented:

> Did the PCR court err in failing to find trial counsel
> ineffective for not obtaining the police dispatch logs which
> would show that the police detained petitioner longer than
> necessary for the traffic stop, and searched his vehicle which
> went beyond the scope of the traffic stop and rendered
> petitioner's consent *per se* invalid?

---

[4] A *Johnson* petition is the state PCR appeal analogue to an *Anders* brief; a brief filed pursuant to *Anders v. California*, 386 U.S. 738 (1967), effectively concedes the appeal lacks a meritorious claim. *See Johnson v. State*, 364 S.E.2d 201 (S.C. 1988).

[*Id.* at 3.]  At the same time she filed the *Johnson* petition, Durant submitted a petition to be relieved as counsel.  [*Id.* at 9.]  Subsequently, Petitioner filed a pro se response, which the Supreme Court received on January 12, 2011, raising the following seven issues, quoted substantially verbatim:

> 1)  Did trial court lack subject matter jurisdiction to try Petitioner for the initial stop?
>
> 2)  Were both PCR counsels ineffective for failing to have any meaningful contact or corr[e]spondence with Petitioner?
>
> 3)  Were both PCR counsels ineffective for failing to prepare before, and after hearing and failing to file a Rule 59(e) SCRCP motion as required under § 17-27-80 and Rule 52(e) SCRCP?
>
> 4)  Were both PCR counse[l] ineffective for failing to prepare Petitioner before and specifically advise him of what he can and cannot present to the court and when the retrial hearing was going to take place?
>
> 5)  Was PCR counsel Ms. Robertson ineffective for failing for stating to Petitioner, "I hate this case fell in my lap, I'm not a criminal attorney, I don't argue criminal cases?
>
> 6)  Were both PCR counsels ineffective for failing to inform Petitioner he could have had witnesses to testify on his behalf or called the officers to testify if the court so allowed?
>
> 7)  Was trial counsel ineffective for failing to conduct an adequate investigation and present Petitioner's evidence and testimony?

[Doc. 55-1 at 3.]  The court denied the petition and granted counsel's request to withdraw on January 11, 2012 [Doc. 27-7] and remitted the matter to the lower court on January 30, 2012 [Doc. 27-8].

**Petition for Writ of Habeas Corpus**

As previously stated, Petitioner filed the Petition on September 18, 2012.  In his

Petition, Petitioner raises the following grounds for relief[5]:

**GROUND ONE:**      Direct Appeal: Clearly erron[e]ous ruling as to be an abuse of discretion, and Trial Court, and S.C. Supreme Court

SUPPORTING FACTS:      In Petitioner's view, the trial court clearly erred on the motion to suppress.  Court ruled there was no probable cause to search.  Court ruled that officer Jame's suspicion was simply a hunch.  Court ruled that stop continued to be legal until the officer literally issued Petitioner a citation.  Court ruled the officer didn't have a reasonable opportunity to complete the issuance of a citation.  Also, Court ruled that 5 minutes wasn't an unreasonable time to be detained pursuant to a traffic[] stop.

ISSUE # 1:      Initial Stop

ISSUE # 2:      Detention

**GROUND TWO:**      Subject Matter Jurisdiction

SUPPORTING FACTS:      In Petitioner's view, the indictment is defective because of the hand written and typed alterations to it, there is no verdict on it, and

ISSUE # 1:      The trial court lacked subject matter juri[s]diction to hear my case because of this defective indictment and this sentence and conviction is not valid in my view.

ISSUE # 2:      I may have been sentenced under the state's guidelines wrong.

ISSUE # 3:      The trial court had no juri[s]diction to hear the reason for the initial stop.

**GROUND THREE:**      Ineffective assistance of counsel

---

[5]Petitioner raises four grounds in his Petition and asserts sub-issues under the first three grounds. The grounds and supporting facts included here are quoted substantially verbatim while the issues are summarized.

SUPPORTING FACTS:    Counsel was ineffective for several reasons in Petitioner's view. Counsel should have filed a motion to quash the warrant or filed a motion for a Franks hearing. Counsel should have filed a motion to quash indictment, because Petitioner wasn't indicted in the statutory required time according to Rule 3 of the South Carolina Rules of Criminal Procedures. The prosecution presented an indictment 8 days before trial.

ISSUE # 1:    Ineffective assistance of trial counsel for:

a)    failing to investigate Petitioner's claim that he did not consent to the search;

b)    failing to introduce dispatch records;

c)    failing to inform the court that Petitioner had had prior encounters with Officer James, Reese, and narcotics detective Doug Hartwell;

d)    failing to introduce Petitioner's DMV records as a defense exhibit;

e)    failing to object to the admission of testimony about sandwich bags and air fresheners;

f)    failing to introduce evidence to show Officer James had stopped Petitioner in the same vehicle three times with the same registration and insurance card;

g)    failing to challenge the warrant;

h)    failing to let Petitioner testify to refute the narcotics detectives' testimony;

I)    failing to make a motion to have the warrant dismissed because there was no probable cause alleged in the warrant;

j)    failing to quash the indictment;

k)    failing to call the person listed on the indictment to trial to be questioned;

l)    failing to have the indictment quashed because of the handwritten and typed alterations to it and no finding of guilt alleged in it;

m)    failing to make a motion to have the warrant dismissed for lack of probable cause or at least filing a motion for a Franks hearing;

n)    failing to file a motion to have the indictment quashed for failing to indict me in statutory time frame;

o)    failing to subpoena the preliminary hearing transcripts;

p)    failing to subpoena the grand jury transcripts;

q)    failing to object to Officer James's testimony when he claimed that after the first search, he asked Petitioner whether there was anything else in the vehicle;

7

r)    failing to object to Officer Reese's testimony when he claimed that after advising Petitioner that he didn't have to consent to search, Petitioner looked to the ground trying to weigh his options;

s)    failing to let Petitioner testify to some facts that would have shed some light on the fact Petitioner claimed when he tried to leave and why this officer physically stopped Petitioner;

t)    failing to object to all officers' testimony in its entirety because it changed the burden to defense;

u)    failing to ask for a continuance;

v)    failing to ask for a mistrial.

ISSUE # 2:    Petitioner was prejudiced by Reckenbeil's continue representation because Petitioner and Reckenbeil had a conflict before, during, and after trial. Counsel was ineffective for failing to raise a claim that Petitioner's 14th Amendment rights were violated.

**GROUND FOUR:**    Ineffective assistance of PCR counsel

[Doc. 1.]

As stated, on August 30, 2013, Respondent filed an amended motion for summary judgment. [Doc. 56.] On November 4, 2013, Petitioner filed a response in opposition. [Doc. 62.] Accordingly, Respondent's motion is ripe for review.

## APPLICABLE LAW

**Liberal Construction of Pro Se Petition**

Petitioner brought this action pro se, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the pro se petition still may be subject to summary

8

dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the

9

allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

10

**Habeas Corpus**

### *Generally*

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended.  *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998).  Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;  or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  *Williams v. Taylor*, 529 U.S. 362, 410 (2000).  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable."  *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011).  Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

11

### *Procedural Bar*

Federal law establishes this Court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this Court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

### *Exhaustion*

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

>   (b)   (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>   (A) the applicant has exhausted the remedies available in the courts of the State; or
>
>   (B)   (I) there is an absence of available State corrective process; or
>
>   (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
>   (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254. The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. *Id.* § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state court with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds for relief be stated in the direct appeal or PCR application. S.C. App. Ct. R. 203; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976). If the PCR court fails to address a claim as required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment. S.C. R. Civ. P. 59(e). Failure to do so will result in the application of a procedural bar to that claim by the South Carolina Supreme Court. *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007).[6] Further, strict time deadlines govern direct appeal and the filing

---

[6]In *Bostick v. Stevenson*, 589 F.3d 160 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforced the failure to file a motion pursuant to Rule 59(e) as a procedural bar. 589 F.3d

of a PCR application in the South Carolina courts.  For direct appeal, a notice of appeal must be filed and served on all respondents within ten days after the sentence is imposed or after receiving written notice of entry of the order or judgment.  S.C. App. Ct. R. 203(b)(2), (d)(1)(B).  A PCR application must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision.  S.C. Code Ann. § 17-27-45(A).

If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts.  *Richardson v. Turner*, 716 F.2d 1059, 1062 (4th Cir. 1983); *Patterson v. Leeke*, 556 F.2d 1168, 1173 (4th Cir. 1977).  Therefore, in a federal petition for habeas relief, a petitioner may present only those issues that were presented to the highest South Carolina court through direct appeal or through an appeal from the denial of a PCR application, regardless of whether the court actually reached the merits of the claim.  *See State v. McKennedy*, 559 S.E.2d 850, 854 (S.C. 2002) (reiterating that discretionary review by the South Carolina Supreme Court is not required to exhaust available state court remedies: "[South Carolina] has identified the petition for discretionary review to [the South Carolina Supreme Court] in criminal and post-conviction cases as *outside* South Carolina's standard review process. In [the South Carolina Supreme Court's] 1990 order, th[e] Court stated that petitions for rehearing and certiorari following an adverse Court of Appeals' decision are not required in order to exhaust all available state remedies." (emphasis in original) (citing *In re*

---

at 162–65.  Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the Court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

14

*Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454 (S.C. 1990)).

### Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner seeks habeas corpus relief based on an issue he failed to raise at the appropriate time in state court, removing any further means of bringing that issue before the state courts. In such a situation, the petitioner has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See id.* Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion. *Id.*

The Supreme Court of South Carolina will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. *See* S.C. Code Ann. § 17-27-90; *Aice v. State*, 409 S.E.2d 392, 394 (S.C. 1991). Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is barred from proceeding in state court. S.C. App. Ct. R. 203(d)(3), 243. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. *See Reed v. Ross*, 468 U.S. 1, 11 (1984); *see also Kornahrens v. Evatt*, 66 F.3d 1350, 1357 (4th Cir. 1995). As the United States Supreme Court explained:

> . . . [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed*, 468 U.S. at 10–11.

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Further, if the petitioner does not raise cause and prejudice, the court need not consider the defaulted claim. *See Kornahrens*, 66 F.3d at 1363.

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991). Absent a showing of cause and actual prejudice, a federal court is barred from considering the claim. *Wainwright*, 433 U.S. at 87. In such an instance, the exhaustion requirement is technically met, and the rules of procedural bar apply. *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *Matthews*, 105 F.3d at 915 (citing *Coleman*, 501 U.S. at 735 n.1; *Teague*, 489 U.S. at 297–98; *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

16

*Cause and Actual Prejudice*

Because the requirement of exhaustion is not jurisdictional, this Court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances—where a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or where a "fundamental miscarriage of justice" has occurred, *Carrier*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim, where the novelty of the constitutional claim is such that its legal basis is not reasonably available to the petitioner's counsel. *Id.* at 487–89; *Reed*, 468 U.S. at 16. Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default. *Carrier*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. *Engle v. Isaac*, 456 U.S. 107, 134–35 (1982).

As an alternative to demonstrating cause for failure to raise the claim, the petitioner must show a miscarriage of justice. To demonstrate a miscarriage of justice, the petitioner must show he is actually innocent. *See Carrier*, 477 U.S. at 496 (holding a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of someone who is actually innocent"). Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*,

17

523 U.S. 614, 623 (1998).  To meet this actual innocence standard, the petitioner's case must be truly extraordinary.  *Carrier*, 477 U.S. at 496.

## DISCUSSION

**Procedurally Barred Claims**

Procedural default is an affirmative defense that is waived if not raised by respondents.  *Gray v. Netherland*, 518 U.S. 152,165–66 (1996).  If the defense is raised, it is the petitioner's burden to raise cause and prejudice or actual innocence; if not raised by the petitioner, the court need not consider the defaulted claim.  *Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995).  Here, Respondent contends many of the grounds raised in the Petition are procedurally barred.  [Doc. 55.]  Respondent also argues Petitioner cannot overcome the default of these grounds because he cannot establish cause and prejudice or a miscarriage of justice.  [*Id.*] Petitioner appears to argue he can establish cause for any procedurally barred claims of ineffective assistance of trial counsel under *Martinez*, 132 S.Ct. 1309.[7]  [Docs. 1 at 30 ("Counsel did not . . . file a Rule 59(e) on my behalf."); 62 at 56 ("Petitioner has demonstrated that the procedural default has to be contributed to the trial and post conviction counsels.").]   The Court agrees that some grounds are procedurally barred.

---

[7]In *Martinez*, the Supreme Court held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial."  132 S.Ct. at 1315.

18

***Grounds Not Presented to the South Carolina Supreme Court in Petitioner's
Petition for Writ of Certiorari***

As an initial matter, the following grounds are procedurally barred because they

were not presented to the South Carolina Supreme Court in either the *Johnson* petition or

Petitioner's pro se response [*see* Docs. 27-6; 55-1]:

**GROUND THREE:**      Ineffective assistance of counsel

      ISSUE # 1:      Ineffective assistance of trial counsel for:

c)      failing to inform the court that Petitioner had had prior encounters with Officer James, Reese, and narcotics detective Doug Hartwell;

e)      failing to object to the admission of testimony about sandwich bags and air fresheners;

f)      failing to introduce evidence to show Officer James had stopped Petitioner in the same vehicle three times with the same registration and insurance card;

g)      failing to challenge the warrant;

i)      failing to make a motion to have the warrant dismissed because there was no probable cause alleged in the warrant;

j)      failing to quash the indictment;

k)      failing to call the person listed on the indictment to trial to be questioned;

l)      failing to have the indictment quashed because of the handwritten and typed alterations to it and no finding of guilt alleged in it;

m)      failing to make a motion to have the warrant dismissed for lack of probable cause or at least filing a motion for a Franks hearing;

n)      failing to file a motion to have the indictment quashed for failing to indict me in statutory time frame;

o)      failing to subpoena the preliminary hearing transcripts;

p)      failing to subpoena the grand jury transcripts;

q)      failing to object to Officer James's testimony when he claimed that after the first search, he asked Petitioner whether there was anything else in the vehicle;

r)      failing to object to Officer Reese's testimony when he claimed that after advising Petitioner that he didn't have

to consent to search, Petitioner looked to the ground trying to weigh his options;

t)     failing to object to all officers' testimony in its entirety because it changed the burden to defense;

u)     failing to ask for a continuance;

v)     failing to ask for a mistrial.

ISSUE # 2:     Petitioner was prejudiced by Reckenbeil's continue representation because Petitioner and Reckenbeil had a conflict before, during, and after trial. Counsel was ineffective for failing to raise a claim that Petitioner's 14th Amendment rights were violated.

Because these grounds were not fairly presented to the South Carolina Supreme Court, they are procedurally barred from federal habeas review absent a showing of cause and actual prejudice. *See Coleman*, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review); *Wainwright*, 433 U.S. at 87; *Matthews*, 105 F.3d at 915.

### *Grounds Not Raised On Appeal*

The following grounds are procedurally barred as direct claims because they were not raised on appeal [*see* App. 160; Doc. 27-3 at 4.]:

**GROUND TWO:**     Subject Matter Jurisdiction

ISSUE # 1:     The trial court lacked subject matter juri[s]diction to hear my case because of this defective indictment and this sentence and conviction is not valid in my view.

ISSUE # 2:     I may have been sentenced under the state's guidelines wrong.

20

ISSUE # 3:     The trial court had no juri[s]diction to hear the reason for the initial stop.[8]

Because these claims were not presented on appeal, they are procedurally barred from federal habeas review absent a showing of cause and actual prejudice.

### *Grounds Not Addressed in the PCR Court's Final Order of Dismissal*

The following claims were raised to the South Carolina Supreme Court in either the *Johnson* petition or Petitioner's pro se petition for writ of certiorari but were not addressed in the PCR court's final order of dismissal:

**GROUND THREE:**     Ineffective assistance of counsel

ISSUE # 1:     Ineffective assistance of trial counsel for:

d)     failing to introduce Petitioner's DMV records as a defense exhibit;

h)     failing to let Petitioner testify to refute the narcotics detectives' testimony;

s)     failing to let Petitioner testify to some facts that would have shed some light on the fact Petitioner claimed when he tried to leave and why this officer physically stopped Petitioner.

Petitioner failed to file a Rule 59(e) motion to preserve for appeal any of these issues that were raised to the PCR court; therefore, they are procedurally barred from federal habeas review, *see Marlar*, 653 S.E.2d 266, absent a showing of cause and actual prejudice.

---

[8]The Court notes that Petitioner also attempted to raise this ground in his pro se response to the *Johnson* petition [Doc. 55-1]; however, this ground is still procedurally defaulted as it was not raised and/or ruled upon by the PCR court. *See Marlar*, 653 S.E.2d 266 ; *Coleman*, 501 U.S. 722. Moreover, even if the ground were not procedurally defaulted, it should be dismissed because it pertains to the state court's jurisdiction, and claims arising from state law are not cognizable federal habeas claims. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *Wright v. Angelone*, 151 F.3d 151, 156–158 (4th Cir. 1998) (holding that jurisdiction is a noncognizable state law issue).

### Cause and Prejudice

The existence of cause must ordinarily turn on whether the petitioner can show some objective factor external to the defense impeded counsel's or the petitioner's efforts to comply with the state's procedural rule. *Carrier*, 477 U.S. at 488. *But see Martinez*, 132 S. Ct. at 1315 ("Inadequate assistance of counsel at *initial-review* collateral proceedings *may* establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." (emphasis added)). Here, as stated, Petitioner appears to argue he can establish cause for any procedurally barred claims of ineffective assistance of trial counsel under *Martinez*.

With respect to the grounds found to be procedurally barred for failure to raise them to the South Carolina Supreme Court in the *Johnson* petition or Petitioner's pro se response, Petitioner has failed to establish cause. Petitioner's argument regarding ineffective assistance of PCR counsel cannot establish cause for these procedurally defaulted grounds that were not raised to the South Carolina Supreme Court.[9] Accordingly, these claims are procedurally barred from consideration by a federal habeas court and should be dismissed.

---

[9] To the extent Petitioner seeks to argue he has established cause in any of his grounds because his PCR appellate counsel was ineffective, ineffective assistance of appellate collateral counsel cannot constitute cause for the default of a petitioner's claim. *See, e.g.*, *Martinez*, 132 S. Ct. at 1320 ("The holding in this case does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings . . . . It does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial."); *Freeman v. McCall*, No. 1:12-1105-CMC-SVH, 2012 WL 5511758, at *7 (D.S.C. Oct. 5, 2012) ("[A]ny allegation that PCR appellate counsel was ineffective for not having raised other issues is insufficient to allege cause for procedural default or undue prejudice from an alleged constitutional violation. '[T]he Fourth Circuit has unambiguously held that there is no constitutional right to counsel at the post-conviction relief stage, and, thus, there can be no error which implicates the Sixth Amendment.'" (quoting *Longworth v. Ozmint*, 302 F. Supp. 2d 535, 545 (D.S.C. 2003))), *report and recommendation adopted by* 2012 WL 5511732 (D.S.C. Nov. 14, 2012).

Likewise, with respect to the direct claims not raised on appeal, Petitioner has failed to establish cause. Petitioner's argument regarding ineffective assistance of PCR counsel cannot establish cause for these procedurally defaulted grounds that were not raised as ineffective assistance of trial counsel claims because *Martinez* is inapplicable to defaulted claims that are not related to ineffective assistance at trial. Accordingly, these claims are procedurally barred from consideration by a federal habeas court and should be dismissed.

With respect to the grounds raised to the South Carolina Supreme Court in either the *Johnson* petition or Petitioner's pro se response but not addressed by the PCR court, Petitioner contends he can establish cause for the default based on ineffective assistance of PCR counsel. In *Martinez*, the Supreme Court elaborated,

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.

*Id.* at 1318. Accordingly, Petitioner may establish cause for the default of these grounds if he demonstrates his PCR counsel was ineffective and that the underlying ineffective assistance of trial counsel claim is a substantial one, i.e., it has some merit. Here, the Court concludes that Petitioner cannot establish cause for the defaults because the underlying ineffective assistance of trial counsel claims have no merit.

23

In *Strickland v. Washington*, the United States Supreme Court established that to challenge a conviction based on ineffective assistance of counsel, a prisoner must prove two elements: (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. 466 U.S. 668, 687 (1984). To satisfy the first prong, a prisoner must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To satisfy the second prong, a prisoner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 692. The Court cautioned that "[j]udicial scrutiny of counsel's performance must be highly deferential," and "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

### Ground Three, Issue 1(d)

Petitioner argues trial counsel was ineffective for failing to introduce Petitioner's DMV records. The Court disagrees that the underlying ineffective assistance claim has any merit because it cannot determine that there is a reasonable probability that, but for counsel's failure to introduce Petitioner's DMV records, the result of the proceeding would have been different.[10] The trial court heard evidence that the vehicle was not registered to Petitioner [App. 9–10]; accordingly, because the information was already before the trial court, this Court cannot determine that the result of the trial would have been different if

---

[10]Because the Court finds that Petitioner cannot establish the second prong of the *Strickland* standard, the Court need not address the first prong.

counsel had introduced Petitioner's DMV records.[11]   Therefore, the Court finds that Petitioner has not shown trial counsel was ineffective and, therefore, *Martinez* does not excuse the procedural bar to Ground Three, Issue 1(d).

Ground Three, Issues 1(h) and 1(s)

Petitioner argues trial counsel was ineffective for failing to allow Petitioner to testify to refute the narcotics detectives' testimony and for failing to let Petitioner testify to some facts that would have shed some light on the fact Petitioner claimed when he tried to leave and why this officer physically stopped Petitioner.  The Court disagrees that the underlying ineffective assistance claims have any merit because the Court cannot determine that counsel's representation fell below an objective standard of reasonableness.[12]   The record before this Court does not support Petitioner's assertion that counsel failed to allow Petitioner to testify.  Instead, the record reveals that Petitioner testified at his bench trial and indicated that he wished to provide testimony only about whether he consented to a search of the vehicle and not about whether he was guilty.  [App. 56–59.]  Accordingly, the trial transcript contains eleven pages of direct examination by trial counsel.  [App. 59–70.]  On cross-examination, trial counsel objected to questions that went beyond the scope of testimony about whether Petitioner consented to a search of the vehicle and instead

---

[11]To the extent Petitioner argues trial counsel should have introduced the DMV records to refute Officer James's testimony that he was familiar with Petitioner's names because he had previously stopped a Jeep Cherokee that was registered to Petitioner, which Petitioner claims was not registered to him, the Court likewise cannot determine that the result of the trial would have been different if counsel had introduced Petitioner's DMV records.  The testimony of Officer James at trial regarding a Jeep Cherokee related only to his familiarity with Petitioner's name and not to the facts related to the underlying charge.  Petitioner does not argue that Officer James was not familiar with Petitioner; to the contrary, Petitioner concedes that he had had prior encounters with Officer James.  [Doc. 1 at 19–20.]  Accordingly, the Court cannot determine that the result of the trial would have been different if counsel had introduced Petitioner's DMV records.

[12]Because the Court finds that Petitioner cannot establish the first prong of the *Strickland* standard, the Court need not address the second prong.

25

addressed Petitioner's guilt or innocence with regards to the drugs.  [App. 71–72.]

Because Petitioner indicated that he wished to provide testimony only about whether he

consented to a search, the Court cannot find that counsel's representation fell below an

objective standard of reasonableness when he objected to testimony that went beyond the

scope of whether Petitioner consented.  Therefore, the Court finds that Petitioner has not

shown trial counsel was ineffective and, therefore, *Martinez* does not excuse the

procedural bar to Ground Three, Issues 1(h) and 1(s).

**Merits of Remaining Claims**

Under the AEDPA, a federal court may not grant habeas relief unless the underlying

state court decision was contrary to or an unreasonable application of federal law, as

determined by the United States Supreme Court, 28 U.S.C. § 2254(d)(1), or based on an

unreasonable determination of the facts before the court, *id.* § 2254(d)(2).  The Supreme

Court has held the "contrary to" and "unreasonable application of" clauses present two

different avenues for relief.  *Williams*, 529 U.S. at 405 ("The Court of Appeals for the Fourth

Circuit properly accorded both the 'contrary to' and 'unreasonable application' clauses

independent meaning.").  The Court stated there are two instances when a state court

decision will be contrary to Supreme Court precedent:

> A state-court decision will certainly be contrary to our clearly
> established precedent if the state court applies a rule that
> contradicts the governing law set forth in our cases. . . . A
> state-court decision will also be contrary to this Court's clearly
> established precedent if the state court confronts a set of facts
> that are materially indistinguishable from a decision of this
> Court and nevertheless arrives at a result different from our
> precedent.

*Id.* at 405–06.  On the other hand, a state court decision is an unreasonable application

of Supreme Court precedent when the decision "correctly identifies the governing legal rule

but applies it unreasonably to the facts of a particular prisoner's case."  *Id.* at 407–08; *see*

*also Richter*, 131 S. Ct. at 786 ("Under § 2254(d), a habeas court must determine what

arguments or theories supported or, as here, could have supported, the state court's

decision; and then it must ask whether it is possible fairminded jurists could disagree that

those arguments or theories are inconsistent with the holding in a prior decision of this

Court. . . . It bears repeating that even a strong case for relief does not mean the state

court's contrary conclusion was unreasonable.").  Finally, a decision cannot be contrary to

or an unreasonable application of Supreme Court precedent unless applicable Supreme

Court precedent exists; without applicable Supreme Court precedent, there is no habeas

relief for petitioners.  *Virsnieks v. Smith*, 521 F.3d 707, 716 (7th Cir. 2008) (citing *Lockhart*

*v. Chandler*, 446 F.3d 721, 724 (7th Cir. 2006); *Simpson v. Battaglia*, 458 F.3d 585, 597

(7th Cir. 2006)); *see Bustos v. White*, 521 F.3d 321, 325 (4th Cir. 2008).

### Ground One, Issues 1 and 2

Petitioner argues the trial court erred in denying his motion to suppress evidence

seized from his car during the traffic stop.  Petitioner contends the search and seizure were

unconstitutional for two reasons: 1) the initial stop was unlawful, and 2) even if the initial

stop was lawful, Petitioner was unlawfully detained once the purpose of the initial stop had

been fulfilled.  These claims are not cognizable in a federal habeas petition.

In *Stone v. Powell*, the United States Supreme Court concluded federal habeas

petitioners are barred from receiving habeas corpus relief on free-standing Fourth

27

Amendment claims as long as the state provided the petitioner with an opportunity for full and fair litigation of the claims in state court. 428 U.S. 465, 490–95 (1976). Petitioner raised the issue related to the search at trial in a motion to suppress that the judge denied. [App. 72–90, 92–96.] He also argued this issue in his direct appeal. [App. 160; Doc. 27-3 at 4.] Because Petitioner was provided an opportunity to litigate his Fourth Amendment claim at the state level, his claims in Ground One, Issues 1 and 2 are not cognizable in a federal habeas petition. Accordingly, Respondent should be granted summary judgment on this claim.

### Ground Three, Issue 1(a)

Petitioner argues trial counsel was ineffective for failing to investigate Petitioner's claim that he did not consent to the search because trial counsel failed to interview witnesses and subpoena Officer James's cell phone records.[13] When evaluating a habeas petition based on a claim of ineffective assistance of counsel, assuming the state court applied the correct legal standard—the Supreme Court's holdings in *Strickland*, 466 U.S. 668—"[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard." *Richter*, 131 S. Ct. at 785. "A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Id.*; *see also Yarborough v. Gentry*, 540 U.S.

---

[13]Although Respondent argues these claims are procedurally defaulted because Petitioner failed to obtain a ruling from the PCR judge on these claims [Doc. 55 at 35], the Court concludes that the PCR court addressed these issues. These claims are raised in the Petition as ineffective assistance of trial counsel claims for failure to investigate and, although the PCR court primarily addressed Petitioner's argument regarding trial counsel's failure to present dispatch logs, the PCR court also made a specific finding that trial counsel conducted a proper investigation. [App. 152.]

1, 6 (2003) (stating judicial review of counsel's performance is "doubly deferential when it is conducted through the lens of federal habeas").   Even if a state court decision questionably constitutes an unreasonable application of federal law, the "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Richter*, 131 S. Ct. at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).   Thus, in such situations, the habeas court must determine whether it is possible for fairminded jurists to disagree that the arguments or theories supporting the state court's decision are inconsistent with Supreme Court precedent. *Id.*

Here, the PCR court held an evidentiary hearing, made findings as to the credibility of the witnesses, and outlined a factual basis for declining to find trial counsel's representation fell below the *Strickland* and applicable state law standards.  [App. 125–48 (evidentiary hearing), App. 149–54 (PCR court's order of dismissal).] The PCR court made the following findings with respect to Petitioner's claim that trial counsel failed to investigate Petitioner's claim that he did not consent to the search:

> This Court finds in regards to the allegations of ineffective assistance of counsel that Applicant's testimony is not credible, while also finding trial counsel's testimony is credible.   This Court further finds trial counsel adequately conferred with the Applicant, conducted a proper investigation, was thoroughly competent in their representation, and that trial counsel's conduct does not fall below the objective standard of reasonableness.
>
> Accordingly, this Court finds the Applicant has failed to prove the first prong of the Strickland test - that trial counsel failed to render reasonably effective assistance under prevailing professional norms.   The Applicant failed to present specific and compelling evidence that trial counsel committed

29

either errors or omissions in his representation of the Applicant.

This Court also finds the Applicant has failed to prove the second prong of <u>Strickland</u> - that he was prejudiced by trial counsel's performance.

[App. 152–53.] The PCR court's denial of Petitioner's ineffective assistance claim on this basis was neither contrary to nor an unreasonable application of applicable Supreme Court precedent. First, the PCR court applied the *Strickland* standard, which is the applicable Supreme Court precedent. Second, the record fails to demonstrate the PCR court confronted a set of facts that were materially indistinguishable from those considered in a decision of the Supreme Court but arrived at a result different from the Supreme Court precedent. Thus, the Court concludes the PCR court's decision was not contrary to applicable Supreme Court precedent.

Further, the record supports the PCR court's decision, which demonstrates the PCR court's decision was not an unreasonable application of *Strickland*. Petitioner asserts that trial counsel should have interviewed witnesses and subpoenaed Officer James's cell phone records to establish that Petitioner had not consented to the search of the vehicle and that he told Officer James he needed to call the owner of the car to get consent. [Doc. 1 at 18–19.] At the PCR hearing, trial counsel testified that his strategy at trial was to argue that the stop was over when Officer James was told Petitioner's license was clear and, therefore, everything that happened after that would have been thrown out. [App. 144–46.] Trial counsel stated that he thought that, based on the *Reyes* case, even taking Officer James's version of the facts as true, the first stop was over and everything after that should have been thrown out. [App. 145–46.] The PCR court found trial counsel's

30

testimony to be credible.   [App. 152.]   The PCR court's credibility assessment is not objectively unreasonable and its factual findings are entitled to a presumption of correctness that Petitioner must rebut by clear and convincing evidence.   28 U.S.C. § 2254(e)(1).   Thus, the record supports the PCR court's determination that Petitioner failed to demonstrate either prong of the *Strickland* standard.   Therefore, the Court concludes the PCR court's decision was not contrary to or an unreasonable application of applicable Supreme Court precedent, and Respondent should be granted summary judgment on this claim.

### Ground Three, Issue 1(b)

Petitioner argues trial counsel was ineffective for failing to introduce dispatch records.  The PCR court made the following findings with respect to Petitioner's claim that trial counsel failed to introduce dispatch records:

> The Applicant testified that trial counsel should have presented the dispatch log as evidence during the trial. However, Applicant failed to present the dispatch log at the hearing.  Even if Applicant had presented the dispatch log, it would be speculative to assume that the dispatch log would have made a difference in the outcome.  This Court concludes the Applicant has not met his burden of proving counsel failed to render reasonably effective assistance.  See <u>Frasier</u> *supra*. Therefore, this allegation is denied.
>
> ***
>
> This Court finds in regards to the allegations of ineffective assistance of counsel that Applicant's testimony is not credible, while also finding trial counsel's testimony is credible.  This Court further finds trial counsel adequately conferred with the Applicant, conducted a proper investigation, was thoroughly competent in their representation, and that trial counsel's conduct does not fall below the objective standard of reasonableness.

> Accordingly, this Court finds the Applicant has failed to prove the first prong of the Strickland test - that trial counsel failed to render reasonably effective assistance under prevailing professional norms. The Applicant failed to present specific and compelling evidence that trial counsel committed either errors or omissions in his representation of the Applicant.

> This Court also finds the Applicant has failed to prove the second prong of Strickland - that he was prejudiced by trial counsel's performance.

[App. 152–53.] The PCR court's denial of Petitioner's ineffective assistance claim on this basis was neither contrary to nor an unreasonable application of applicable Supreme Court precedent. First, the PCR court applied the *Strickland* standard, which is the applicable Supreme Court precedent. Second, the record fails to demonstrate the PCR court confronted a set of facts that were materially indistinguishable from those considered in a decision of the Supreme Court but arrived at a result different from the Supreme Court precedent. Thus, the Court concludes the PCR court's decision was not contrary to applicable Supreme Court precedent.

Further, the record supports the PCR court's decision, which demonstrates the PCR court's decision was not an unreasonable application of *Strickland*. Petitioner asserts that trial counsel should have introduced dispatch records to establish the timeline of the stop and whether dispatch gave Officer James Petitioner's criminal history. [Doc. 1 at 19.] Again, at the PCR hearing, trial counsel testified that his strategy at trial was to argue that the stop was over when Officer James was told Petitioner's license was clear and, therefore, everything that happened after that would have been thrown out. [App. 144–46.] Trial counsel stated that he thought that, based on the *Reyes* case, even taking Officer James's version of the facts as true, the first stop was over and everything after that should

32

have been thrown out. [App. 145–46.] The PCR court found trial counsel's testimony to be credible. [App. 152.] The PCR court's credibility assessment is not objectively unreasonable and its factual findings are entitled to a presumption of correctness that Petitioner must rebut by clear and convincing evidence. 28 U.S.C. § [2254(e)(1). Thus, the record supports the PCR court's determination that Petitioner failed to demonstrate either prong of the *Strickland* standard. Therefore, the Court concludes the PCR court's decision was not contrary to or an unreasonable application of applicable Supreme Court precedent, and Respondent should be granted summary judgment on this claim.

### *Ground Four*

Petitioner argues his PCR counsel were ineffective. However, "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(I); *see also Martinez*, 132 S. Ct. at 1315, 1320 (stating that, "while § 2254(I) precludes [a petitioner] from relying on the ineffectiveness of his postconviction attorney as a 'ground for relief,' it does not stop [a petitioner] from using it to establish 'cause'" and holding that a petitioner may establish cause for defaulting an ineffective assistance of trial counsel claim by demonstrating his postconviction attorney was ineffective). Therefore, Petitioner is not entitled to federal habeas relief as to Ground Four because this ground is not a cognizable federal habeas claim. Accordingly, Respondent should be granted summary judgment on this claim.

## <u>CONCLUSION</u>

Wherefore, based upon the foregoing, the Court recommends Respondent's motion

for summary judgment be GRANTED and the Petition be DENIED.

IT IS SO RECOMMENDED.

<u>s/Jacquelyn D. Austin</u>
United States Magistrate Judge

May 8, 2014
Greenville, South Carolina