# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Blair Markeith Adams, ) | |
| ) | Civil Action No. 8:12-cv-02717-JMC |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Warden, Kirkland Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner Blair Markeith Adams ("Petitioner") filed this *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 alleging an erroneous ruling by the trial court, lack of subject matter jurisdiction, ineffective assistance of trial counsel, and ineffective assistance of Post Conviction Relief counsel. (ECF No. 1.) This matter is before the court on Respondent's Amended Motion for Summary Judgment (ECF No. 56).

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial handling. On May 8, 2014, the magistrate judge issued a Report and Recommendation ("Report") recommending the court grant Respondent's Motion and deny the Petition. (ECF No. 65.) This review considers Petitioner's Objection to Report and Recommendation for Summary Judgment ("Objections"), filed June 13, 2014, (ECF No. 70) and Supplement (ECF No. 72). For the reasons set forth herein, the court **ACCEPTS** the magistrate judge's Report. The court thereby **GRANTS** Respondent's Amended Motion for Summary Judgment (ECF No. 56) and **DENIES** the Petition (ECF No. 1).

## FACTUAL AND PROCEDURAL BACKGROUND

The facts viewed in the light most favorable to the Petitioner are discussed in the Report. (*See* ECF No. 65.) The court concludes, upon its own careful review of the record, that the

1

magistrate judge's factual summation is accurate and incorporates it by reference. The court will only recite herein facts pertinent to the analysis of Petitioner's Objections.

Petitioner is incarcerated at McCormick Correctional Institution within the South Carolina Department of Corrections ("SCDC"). (ECF No. 65 at 2.) Petitioner was convicted after a bench trial on October 5, 2006, of trafficking in cocaine. (*Id.*) He was sentenced to 25 years in prison. (*Id.* at 3.) Petitioner filed a direct appeal on June 27, 2007. (*Id.*) The South Carolina Court of Appeals affirmed the trial court's decision on March 20, 2008. (*Id.*) On April 24, 2008, Petitioner filed a *pro se* application for Post Conviction Relief ("PCR"). (*Id.*) After an evidentiary hearing on May 28, 2009, the PCR court denied and dismissed Petitioner's PCR application with prejudice on July 24, 2009. (*Id.* at 4.) Petitioner appealed the decision, which the South Carolina Supreme Court denied on January 11, 2012, and remitted to the lower court on January 30, 2012. (*Id.* at 5.)

Petitioner filed his Petition on September 18, 2012, alleging four grounds: (1) erroneous ruling by the trial court, (2) lack of subject matter jurisdiction, (3) ineffective assistance of trial counsel, and (4) ineffective assistance of PCR counsel. (ECF No. 1 at 9, 13, 17, 27.) Included among several claims by Petitioner under Ground Three, Petitioner alleged his trial counsel was ineffective for (a) failing to investigate Petitioner's claim that he did not consent to the search of his car by failing to interview witnesses and subpoena Officer James' cell phone records and (b) failing to introduce dispatch records.[1] (*Id.* at 18-19.) Respondent filed a Motion for Summary Judgment on February 28, 2013. (ECF No. 28.) This court denied the motion on August 27,

---

[1] The magistrate judge outlined 22 claims within Petitioner's first issue under Ground Three in his Petition. The magistrate judge listed and labeled each of these claims as (a)-(v). (ECF No. 65 at 7-8.) Although Petitioner does not explicitly label these claims as "Issue #1," the label "Issue #2" appears before the final section of supporting facts under Ground Three. (ECF No. 1 at 18, 26.)

2

2013, with leave to refile and ordered Respondent to refile the motion with Petitioner's *pro se* response in support of his PCR appeal.  (ECF No. 51.)  As ordered, Respondent filed an Amended Motion for Summary Judgment on August 30, 2013.  (ECF No. 56.)  On September 3, 2013, the magistrate judge issued a *Roseboro* Order[2] advising Petitioner of the importance of the motion and his need to file an adequate response.  (ECF No. 57.)  Petitioner filed a Response in Opposition to the Motion on November 4, 2013.  (ECF No. 62.)  On May 8, 2014, the magistrate judge issued the Report (ECF No. 65) recommending the court grant Respondent's Motion and deny the Petition.

The magistrate judge found many of Petitioner's claims to be procedurally barred because they had not been raised at the proper time in the state court appeal and PCR processes.  (*Id.* at 18-21.)  The magistrate judge further found that Petitioner could not show facts demonstrating that some objective factor impeded Petitioner's or counsel's efforts to comply with state procedural rules.  (*Id.* at 22-26.)  On the merits of Petitioner's claim that the trial court erred in denying his motion to suppress evidence seized during a traffic stop, the magistrate judge found that because Petitioner was afforded an opportunity to litigate the Fourth Amendment claim at the state level, the issue was not cognizable in a federal habeas petition.  (*Id.* at 28.)  The magistrate judge also found that the PCR court's determination regarding trial counsel's performance was not "contrary to or an unreasonable application of applicable Supreme Court precedent."  (*Id.* at 30-33.)  Petitioner argues that trial counsel was ineffective for failing to interview witnesses and subpoena Officer James' cell phone records and for failing to introduce dispatch records.  (ECF No. 1 at 18-19.)  However, the magistrate judge noted, trial

---

[2] The order was entered in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), which requires the court to provide an explanation of dismissal or summary judgment procedures to *pro se* litigants.

counsel had testified at the PCR hearing that his strategy was to argue that the traffic stop was over once Officer James told Petitioner his license was clear, and therefore everything that happened afterwards would have been thrown out. (ECF No. 65 at 30.) The PCR court had found trial counsel's testimony to be credible. (*Id.* at 30-31.) Applying the *Strickland* standard,[3] the PCR court found Petitioner could not make a showing that his trial counsel was ineffective. (*Id.* at 29, 32.) The PCR court found that counsel had "conducted a proper investigation [and] was thoroughly competent in their representation" and that "it would be speculative to assume that the dispatch log would have made a difference in the outcome [of the trial]." (*Id.* at 29, 31.) The magistrate judge found that the PCR court determinations were supported by the record. (*Id.* at 30, 32.) Finally, the magistrate judge found that Petitioner's claim of ineffective assistance of PCR counsel was not a cognizable federal habeas claim. (*Id.* at 33.)

Petitioner timely filed his Objections to the Report on June 13, 2014, (ECF No. 70) and filed a Supplement to his Objections on June 23, 2014 (ECF No. 72).

**STANDARD OF REVIEW**

The magistrate judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those

---

[3] *Strickland v. Washington,* 466 U.S. 668, 687 ("A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction… has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.")

portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636 (b)(1).

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). If the petitioner fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.

As Petitioner is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

## ANALYSIS

### Ineffective Assistance of Counsel Issue 1(a) and 1(b)

Petitioner offers objections only to the magistrate judge's recommendations regarding Petitioner's Ineffective Assistance of Counsel claims in Issue 1(a) (counsel was ineffective for failing to investigate Petitioner's claim that he did not consent to the search of Petitioner's car by

failing to interview witnesses and subpoena Officer James' cell phone records) and Issue 1(b) (counsel was ineffective for failing to introduce dispatch records).

Petitioner's Objections lack the requisite specificity required by Federal Rule of Civil Procedure 72(b). In his Objections, Petitioner makes unsupported assertions that the record supports his claims and the bare contention that witness testimony, Officer James' cell phone records, and dispatch records would establish his counsel was ineffective. (ECF No. 70 at 2.) Since Petitioner failed to properly object to the Report with specificity, the court does not need to conduct a *de novo* review and instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond,* 416 F.3d at 315.

The court does not find clear error and accepts the Report by the magistrate judge. Petitioner offers no facts to show that the magistrate judge's assessment of the PCR court's findings were in error. In the Supplement to his Objections, Petitioner provides the dispatch report he obtained through a Freedom of Information Act request. (ECF No. 72.) The PCR court found that "it would be speculative to assume that the dispatch log would have made a difference in the outcome [of the trial]." (ECF No. 65 at 31.)   Petitioner fails to explain how the log would have made a difference in the outcome of his trial, but merely attaches the documents he received with no explanation. The PCR court further found that Petitioner's counsel had "conducted a proper investigation [and] was thoroughly competent in their representation." (*Id.* at 29.) Petitioner has shown no facts to demonstrate otherwise, nor to demonstrate how witness testimony or cell phone records would establish ineffective assistance by his trial counsel. As such, the court adopts the recommendation of the magistrate judge.

**Remaining Claims**

Petitioner offers no objection to any other portions of the Report. In the absence of objections to the magistrate judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis,* 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond,* 416 F.3d at 315. Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas,* 474 U.S. 140; *Wright,* 766 F.2d 841; *Schronce,* 727 F.2d 91. Therefore, after a thorough and careful review of the Report and the record regarding this issue, the court finds the Report provides an accurate summary of the facts and law and adopts the magistrate judge's recommendation.

## CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report of the magistrate judge and the record in this case, the court **ACCEPTS** the Report of the magistrate judge (ECF No. 65). It is therefore ordered that Respondent's Amended Motion for Summary Judgment (ECF No. 56) is **GRANTED** and this Petition (ECF No. 1) is **DISMISSED**.

### Certificate of Appealability

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue… only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability… shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists

would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

September 23, 2014
Columbia, South Carolina